**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL FOUST,<br><br>      Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>      Defendants. | No.  2:21-CV-0312-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's first amended complaint. ECF No. 19.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, a liberal interpretation of a complaint may not supply a claim's essential elements if they were not pled. Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. DISCUSSION

**A. Plaintiff's Allegations:**

It is not exactly clear against whom Plaintiff brings suit. See ECF No. 19 at 1. He names as defendants "DDP/Clark LTA Mrs. Star," "C/O Pierreman officer for DDP," "and DDP sergeant working behind."[1] Id. He also writes "vs. warden 2:21-cv-0312-DMC," which partially

---

[1] "DDP" stands for Developmental Disability Program. See, e.g., Cal. Code Regs. tit. 15, § 3317(b)(5); White v. Pfeiffer, No. 1:19-cv-01786-NONE-GSA-PC, 2021 WL 736246, at *2 & n.2 (E.D. Cal. Feb. 25, 2021); Feathers v. Sherman, No. 1:15-cv-00090-DAD-SKO (PC), 2019 WL 175289, at *1 (E.D. Cal. Jan. 11, 2019). The Court incorrectly stated that DDP stands for Disability Displacement Program in another of Plaintiff's cases before the Court. See Order at 3 n.2, Foust v. Ali, No. 19-cv-2579 (E.D. Cal. Apr. 6, 2021), ECF No. 40. The Court incorrectly misconstrued and researched another abbreviation (and confused it with DDP) in that case based on exhibits to the most recently screened complaint. See id.; see First Amended Complaint, Foust v. Ali, No. 19-cv-2579 (E.D. Cal. Apr. 6, 2021), ECF No. 8.

Further, "LTA" apparently standards for Library Technical Assistant. See, e.g., Foust v. Kuku-Ojo, No. 2:16-cv-2731 WBS AC P, 2019 WL 5549876, at *2 (E.D. Cal. Oct. 28, 2019). "Clark" appears to refer to the California Department of Corrections and Rehabilitation's "Clark Remedial Plan," which protects inmates with developmental disabilities. E.g., Acosta v. Servin, No. 20cv2225-MMA-MSB, 2021 WL718559, at *5 n. 5 (S.D. Cal. Feb. 24, 2021); Hopkins v. Bustos, NO. 15cv788 JLS (PCL), 2017 WL 9565357, *2 (S.D. Cal. Feb. 9, 2017). Plaintiff's reference to Defendant

1  reflects the caption of this case. Id. Based on exhibits attached to the complaint, the Court assumes
2  that Plaintiff takes particular issue with Star. See id. at 7–8. Because the Court dismisses the first
3  amended complaint, as discussed below, Plaintiff will have an opportunity to clarify against whom
4  he is bringing action.

5  Plaintiff's complaint is meandering and incoherent. See id. at 3–4. In describing his
6  claims, Plaintiff launches into a disjointed diatribe that does not sufficiently identify *which*
7  Defendants allegedly violated his civil rights, or *which* civil rights Defendants allegedly infringed.
8  Id. at 3. He claims that he is disabled, falls under the Clark Remedial Act, and is a medically high-
9  risk inmate. Id. Plaintiff appears to claim that Star violated his rights when she "condescended" to
10 him in front of another inmate when Star was transcribing a letter on Plaintiff's behalf. Id. Plaintiff
11 apparently also challenges the presence of the other inmate during that transcription. Id. Plaintiff
12 further alleges that Star did not make copies of paperwork for him even though Defendants
13 Pierreman and a DDP sergeant said that Star would do so. Id. at 3–4.

14 Plaintiff wants the issues he complains of "investigated all the way to the Ninth
15 Circuit." Id. Plaintiff cites to another of his cases in the Eastern District of California but does not
16 explain what information the Court is meant to glean from it other than contending it "constitutes
17 the formal mandate of this court." Id.

18 The exhibits that Plaintiff attaches to his complaint include a grievance. Id. at 7–8.
19 In the grievance, Plaintiff complained that Star condescended to him in front of another inmate,
20 only gave Plaintiff fifteen minutes to dictate a letter, and repeated the information Plaintiff provided
21 her as if Plaintiff "didn't understand what [Plaintiff] was explaining to her." Id.

22 Aside from the allegation that Star was rude, did not make copies, and did not ask
23 another inmate to leave during her transcription of Plaintiff's letter, Plaintiff does not identify
24 misconduct on Star's part. See id. at 3–4. He does not allege which civil rights Star violated. Id.
25 Although Plaintiff names Pierreman and another sergeant as defendants, he does not allege that
26 they personally violated his rights (other than by telling him Star would make copies). See id.

---

Star as DDP/Clark LTA therefore appears to mean Star is a Library Technical Assistant associated with disability assistance for inmates. ECF No. 19 at 1–2.

3

**B. Plaintiff Fails to State a Claim Under § 1983:**

Section 1983, under which Plaintiff brings this action, provides a cause of action for deprivation of constitutional rights and rights under federal law. 28 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1152, 1158 (9th Cir. 2012) (discussing "under color of state law"). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Crowley, 678 F.3d at 736.

A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when a state official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Id. This standard of causation "closely resembles the typical 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

There can be no liability under 42 U.S.C. § 1983 unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of

official participation in a civil rights violation are unsatisfactory. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In all, then, in order to state a section 1983 claim, Plaintiff must allege that a defendant acted under color of law, and that the defendant's conduct deprived him of a constitutional right or right under federal law. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985); Long, 442 F.3d at 1185. But the Court is unable to discern the nature of Plaintiff's alleged injury. Plaintiff has not identified any constitutional or federal right alleged to have been violated. His present, broad allegations that Star was rude to him do not give rise to a constitutional claim on their own. See, e.g., Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled on other grounds by Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008); Keenan v. Hall, 83 F.3d 1083, 1092 (1996); see also White v. Bon, 127 F. App'x 353, 354 (9th Cir. 2005); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Verbal harassment generally does not amount to a constitutional violation. E.g., Freeman, 125 F.3d at 738; Keenan, 83 F.3d at 1092. And, as stated, other than asserting that Pierreman and the unnamed sergeant told him that Star would make copies, Plaintiff does not allege how either defendant violated his rights.

Finally, there is no allegation that any Defendant is state actor or that their wrongful conduct, whatever Plaintiff believes that to have been, was "fairly attributable to the state." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). A § 1983 action cannot proceed if no defendant acted under color of law. See id.; see also Marsh, 680 F.3d at 1153, 1158.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint

complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743; see also Preschooler II, 479 F.3d at 1183.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amendment complaint (ECF No. 19) is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: April 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE