1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CARL FOUST,                                  No.  2:21-CV-0312-KJM-DMC-P

12                   Plaintiff,

13          v.                                      <u>ORDER</u>

14    WARDEN,

15                   Defendant.

16    _____

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court are Plaintiff's motions, ECF Nos. 34 and 35, for the

19    appointment of counsel and an investigator.

20          The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist.</u>

22    <u>Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935

24    F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  <u>See</u> <u>id.</u>  In <u>Terrell</u>, the

1  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2  of counsel because:

3          . . . Terrell demonstrated sufficient writing ability and legal knowledge to
           articulate his claim.  The facts he alleged and the issues he raised were not

4          of substantial complexity.  The compelling evidence against Terrell made it
           extremely unlikely that he would succeed on the merits.

5

6          Id. at 1017.

7          In the present case, the Court does not at this time find the required exceptional

8  circumstances.  While Plaintiff has had some difficulty articulating the facts underlying his

9  claims, the record reflects that Plaintiff has been able to articulate requests for extensions of time,

10 has been able to file documents with the Court, and has been able to articulate himself in the

11 instant motions for appointment of counsel.  In the instant motions, Plaintiff states that

12 appointment of counsel is necessary in order to "find the names of all the wardens in the 12

13 prisons I've been in, with dates & times."  ECF No. 34, pg. 1.  The Court finds this reason does

14 not establish an exceptional circumstance for appointment of counsel or an investigator.

15         Plaintiff's filings suggest that he is experiencing difficulty meeting the Court's

16 deadline for filing a second amended complaint due to a COVID-19 lock-down and associated

17 lack of access to the prison law library.  The Court has accommodated this situation by granting

18 Plaintiff additional time to file a second amended complaint, as provided by separate order issued

19 herewith.

20         Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the

21 appointment of counsel and an investigator, ECF Nos. 34 and 35, are denied.

22

23 Dated:  January 28, 2022

24                                            _____
                                              DENNIS M. COTA

25                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

                                    2