**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL FOUST,<br><br>                    Plaintiff,<br><br>        v.<br><br>WARDEN,<br><br>                    Defendant. | No.  2:21-CV-0312-KJM-DMC-P<br><br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 47. For the reasons set forth below, this motion will be denied.

　　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court finds that Plaintiff has not demonstrated exceptional circumstances. Plaintiff seeks the appointment of counsel and a private investigator because he has been in quarantine since April 19, 2022, and he does not know when he will be released. The Court finds this reason does not establish an exceptional circumstance for appointment of counsel or an investigator. Plaintiff also asks "to talk on screen to the judges to explain," which the Court construes as a request for a via video conference. This request will be denied.  Eastern District of California local rules provide that motions in prisoner cases be submitted on the papers without oral argument. Further, Plaintiff's motion is denied to the extent he seeks ex parte communication with the Court.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 47, is denied.

Dated:  July 25, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE